IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

CLIFFORD A. CARVER,

        Plaintiff,

        v.

Commissioner of Social Security,

        Defendant.

No. 6:12-cv-461-TC

O R D E R

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits.

Plaintiff asserts disability beginning August 12, 1998, due to monoeuritis, obesity, deep vein thrombosis, post laminectomy syndrome, and cervical spondylosis. After a hearing, an administrative law judge (ALJ) determined that plaintiff was not disabled as of his date last insured because he could still perform his prior relevant work.

1 - ORDER

In general, plaintiff attacks the ALJ's overall interpretation of the evidence and argues that a remand for an award of benefits is necessary. In his opening brief, plaintiff specifically asserts the ALJ erred in discounting his treating physician's opinions. Also in his opening brief, plaintiff does assert that the ALJ's analysis "featured" an unlawful discounting of plaintiff's testimony, but focuses on the ALJ's treatment of his doctor's opinions.[1] In his reply brief, plaintiff essentially raises for the first time an argument that the ALJ's rejection of his testimony failed to meet the required legal standard. Accordingly, the Commissioner has not had an opportunity to respond to this argument and for that reason the court deems the argument waived. See, e.g., United States v. Moore, 376 F.3d 570, 576 (6th Cir. 2004) (declining to consider issues not raised in the opening brief); Winnett v. Caterpillar, Inc., 553 F.3d 1000, 1007 (6th Cir. 2009) ("These waiver and forfeiture rules ensure fair and evenhanded litigation by requiring parties to disclose legal theories early enough in the case to give an opposing party time not only to respond but also to develop an adequate factual record supporting their side of the dispute.").[2]

---

[1] The ALJ did not discount the opinions by asserting that they relied on plaintiff's subjective complaints that lacked credibility.

[2] Moreover, the ALJ appropriately found that the plaintiff's complaints of disabling symptoms were not established prior to his last date insured because plaintiff received conservative treatment

2 - ORDER

Plaintiff first argues that he meets the legal standard required to receive benefits. Plaintiff, in essence, contends that the evidence in the record establishes that he is disabled as of his date last insured, December 31, 2006. Of course, the issue for the court is not whether there is evidence to support a finding of disability, but whether substantial evidence supports the ALJ's determination that plaintiff is not disabled, i.e., whether a reasonable mind might find adequate evidence to support the conclusion that plaintiff is not disabled. The standard does not even rise to the level of a preponderance of the evidence. Accordingly, the more germane issue is whether the ALJ properly

---

after his laminectomy surgeries, displayed sub-optimal effort during physical therapy evaluation, has not sought treatment from his primary care doctor regarding alleged disabling dizziness, displayed resistance to vocational rehabilitation, and because of the normal physical exam findings by the Pain Consultants of Oregon from July 4, 2002 to September 12, 2007. Tr. 16-18, 326 (substandard effort); 344-45 (somatic amplification score is positive); Tr. 576-77 (major concern is not dizziness when specifically referred for evaluation of dizziness and plaintiff has not sought treatment for it); Tr. 349 (complains about release to vocational retraining asserting it is merely going from job to job with a resume seeking positions); Tr. 431, 435-36, 439, 443-44, 418-19, 407-08, 389 (exam records of Pain Consultants of Oregon). These are clear and convincing reasons supported by substantial evidence for rejecting plaintiff's symptom testimony. See, e.g., Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ may reject testimony for, among other things, failure to seek treatment); Alexander v. Commissioner of Social Sec., 373 Fed.Appx. 741, 743 (9th Cir. 2010) (ALJ may reject testimony based on clinician's observations of sub-optimal effort). In addition the ALJ noted that despite plaintiff's alleged onset date of August 12, 1998, plaintiff engaged in substantial gainful activity until December 31, 2000, and continued to work until sometime in 2002. The ALJ also noted that record did not support plaintiff's assertion that he had excessive absences. Tr. 14.

3 - ORDER

discounted the opinions of plaintiff's treating physicians that he is disabled which the ALJ rejected in favor of nonexamining consulting physicians who found plaintiff capable of light work.

The ALJ may not reject the opinion of an examining or treating physician, even if contradicted by another physician, without providing "specific and legitimate reasons" that are supported by substantial evidence in the record. See Lester v. Chater 81 F.3d 821, 830-31 (9th Cir. 1996). The opinion of a non-examining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician. But, where the opinions of physicians contradict each other, the ALJ must resolve the conflict.

Prior to his alleged onset date, plaintiff worked as a systems analyst which was a sedentary position, as performed, involving only occasional reaching. Plaintiff began experiencing issues with his cervical spine following a motor vehicle accident in August of 1998. After two discectomy and fusion surgeries, plaintiff asserts his condition deteriorated to the point he could no longer work by sometime in 2002.

In May of 2001, Dr. Scott Kitchel, plaintiff's treating surgeon, released plaintiff with instruction to do no heavy lifting, bending or twisting. Tr. 203.

In July of 2002, Dr. Kitchel opined that he does not believe that plaintiff

4 - ORDER

>can return to his regular employment. I would put his lifting and carrying restrictions at ten pounds. I would say, as a practical matter, he is currently completely disabled from work.

Tr. 553.

The ALJ gave this opinion little weight. The 10 pound lifting limit would not preclude plaintiff's former work. 20 C.F.R. § 404.1567(a) (sedentary work involves lifting no more than 10 pounds).

In August of 2002, Dr. Kitchel opined that plaintiff's neck and arm condition probably precluded him from sitting and functioning at a computer for more than 30 minutes and he probably would be unable perform work at a computer workstation at all at least one day a week. Tr. 554-55. In April of 2003, however, Dr. Kitchel opined that while plaintiff was currently precluded from systems analyst work, he was not precluded from all work. Tr. 315. These opinions are virtually devoid of explanation and are generally not framed in terms of functional limitations. Furthermore, Dr. Kitchel released plaintiff to work within his physical capacities on April 20, 2004. By 2010, after plaintiff's last date insured, Dr. Kitchel again opined that plaintiff is completely disabled from work. Tr. 547-48. The ALJ did not err in rejecting these inconsistent opinions. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2002) (ALJ need not accept brief conclusory and inadequately supported opinion and may reject opinions showing discrepancies).

5 - ORDER

The ALJ similarly properly rejected the opinion of Dr. Joseph Dunn, plaintiff's treating pain specialist. Dr. Dunn did not opine as to plaintiff's inability to work until June of 2010. Tr. 551-51. (condition has progressed over a lengthy period). In response to plaintiff's counsel's prompting, Dr. Dunn agreed that plaintiff's inability to function dates back to before December 31, 2006. Tr. 549. Again, there is no discussion of plaintiff's functional capacities or clinical findings.

While medical evaluations made after the expiration of a plaintiff's insured status are relevant to an evaluation of the pre-expiration condition, Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988), Dr. Dunn's opinion suffers from many of the same shortcomings as Dr. Kitchel's. The opinion is brief, conclusory and provides virtually no explanation as to the basis for the conclusion that plaintiff is "unable to function." The ALJ appropriately rejected the opinion. Tr. 18.

The court is not free to interject its own assessment of the treating doctors' opinions but is limited to simply determining whether substantial evidence supports the ALJ's decision. In this case, substantial evidence supports the ALJ's decision to reject the opinions and find that plaintiff retains the capacity to perform his prior work.

6 - ORDER

## CONCLUSION

For the reasons stated above, the decision of the Commissioner is affirmed.

DATED this 3 day of ~~May~~ June, 2013.

_____
THOMAS M. COFFIN
United States Magistrate Judge